NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN NEWSOME, | Civil Action No. 13-6234 (CCC) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| CITY OF NEWARK, et al., | |
| Defendants. | |

**CLARK, Magistrate Judge**

This matter comes before the Court upon Defendant Paul Sarabando's ("Sarabando") motion to stay discovery in this matter pending a decision on his Motion to Dismiss. [Docket Entry No. 21]. Plaintiff John Newsome ("Plaintiff") opposes Sarabando's motion. [Docket Entry No. 25]. The Court has fully reviewed and considered all of the papers submitted in support of and in opposition to Sarabando's Motion, and considers same without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Sarabando's motion to stay discovery is GRANTED.

**I. BACKGROUND**

This case arises out of the November 1, 2011 arrest and prosecution of Plaintiff for, *inter alia,* assault against one Jermaine Bruce. *See generally Compl.*; Docket Entry No. 1. All charges were later dismissed on the basis of mistaken identity. *Id.* at ¶58. Plaintiff filed the instant action on October 19, 2013 pursuant to 42 U.S.C. §1983 against the City of Newark, Chief of Police Sheilah A. Coley, Director of Police Samuel A. Demaio, Detective Lawrence

Collins, three John Doe Newark Police Officers and Detective Paul Sarabando alleging false arrest, malicious prosecution and their state law counterparts. Plaintiff alleges that, as a result of his arrest and prosecution, he was initially suspended without pay, and later terminated from his employment as a security guard for the Department of Homeland Security. *Id.* at ¶¶38, 59.

Defendants Coley, Demaio, Collins and the City of Newark answered Plaintiff's complaint on December 2, 2013. *See* Docket Entry No. 9. Defendant Sarabando moved to dismiss Plaintiff's complaint on January 2, 2014, alleging various immunity defenses, and thereafter he filed the instant motion to stay discovery pending a decision on the motion to dismiss. *See* Docket Entry Nos. 12, 21.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c), the Court may stay discovery pending determination of a motion to dismiss only on a showing of "good cause" by the party requesting the stay. *Gerald Chamales Corp. v. Oki Data Americas, Inc., et al.,* 247 F.R.D. 453, 454 (D.N.J. Dec. 11, 2007) ("A protective order pursuant to Fed. R. Civ. P. 26(c) may only be issued if 'good cause' is shown."); Fed. R. Civ. P. 26(c)(1) (establishing that the court may issue a protective order with respect to discovery only for "good cause"); *see Perelman v. Perelman*, Civ. No. 10-5622, 2011 U.S. Dist. LEXIS 85470, at *2-3 (E.D. Pa. Aug. 3, 2011) ("The burden is on the party seeking the stay [of discovery] to show 'good cause.'") (citations omitted). It is well settled that "the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Chamales*, 247 F.R.D. at 454; see Fed. R. Civ. P. 26(d)(2)(A) ("[M]ethods of discovery may be used in any sequence . . . .").

Indeed, courts generally do not favor granting motions to stay discovery "because when

discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Coyle v. Hornell Brewing Co.,* Civ. No. 08-2797 (JBS), 2009 U.S. Dist. LEXIS 49109, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (internal citations and quotation marks omitted).   Nonetheless, this Court maintains wide discretion to manage discovery issues and enter stays where good cause has been shown. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); *Coyle*, 2009 U.S. Dist. LEXIS 49109, 2009 WL 1652399, at *3 ("In discovery disputes, the Magistrate Judge exercises broad discretion and is entitled to great deference.") (citations omitted); *Chamales*, 247 F.R.D. at 454 ("Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.") (citations omitted).

However, in cases where immunity defenses are raised, the Supreme Court has admonished that "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).   "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).   The *Harlow* Court recognized that immunity was "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question [of immunity]." *Mitchell,* at 526.   In this regard, "pretrial matters [such] as discovery are to be avoided if possible[.]" *Id.; see also Behrens v. Pelletier,* 516 U.S. 299 (1996) ("*Harlow* and *Mitchell* make clear that the defense is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery…")

3

(internal citations and quotations omitted).

## III. DISCUSSION

Relying on *Harlow* and *Mitchell,* Sarabando argues that discovery should be stayed in this matter pending a ruling on his motion to dismiss which raises several immunity defenses, including "prosecutorial immunity, qualified immunity and sovereign immunity." *Sarabando's Brief in Support* at 7; Docket Entry No. 21-1.  Sarabando submits that "[i]f granted, the motion to dismiss would result in the dismissal of Plaintiff's Complaint against Detective Sarabando" and therefore "in the interests of avoiding unnecessary litigation and pre-trial discovery…discovery in this action [should] be stayed[.]" *Id.*

Plaintiff opposes Sarabando's motion, arguing that he "has failed to satisfy the requirements for a protective order under Rule 26[.]" *Plaintiff's Brief in Opposition* at 1; Docket Entry No. 25.  Further, Plaintiff states that a stay of discovery pending decision on a motion to dismiss may only be granted upon a showing of "good cause" and that Sarabando has failed to show same. *Id.* at 2.  Plaintiff contends that Sarabando's reliance on *Harlow* lies in dicta and that "no court has held that a claim of immunity is, in itself, sufficient to stay discovery in all cases where the affirmative defense of immunity is raised by a police officer in a civil rights claim." *Id.*   Plaintiff asserts that discovery may only be stayed "where a plaintiff fails to adequately plead the deprivation of a constitutional right" and submits that "there is no facially defective claim" in this matter. *Id.* at 3.

The Court finds that the reasoning of the Supreme Court in *Harlow* and *Mitchell* applies and that a stay of discovery is warranted in this case.  Immunity is a defense designed to insulate certain individuals from the burdens of standing trial or "other burdens of litigation[.]" *Mitchell,*

at 256.   This Court, guided by *Harlow,* finds that these "other burdens" include discovery and that immunity is indeed a threshold question which should be decided before discovery is permitted.   Although Plaintiff claims that discovery may only be stayed where it is found that the complaint has not been adequately pled, there has been no determination made yet as to the adequacy of the Plaintiff's pleading.   Indeed, the adequacy of the pleadings has been directly challenged by Sarabando's motion to dismiss.   *See Mitchell,* at 256 ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.") At this juncture, the District Court's ruling on the motion to dismiss would serve to confirm whether the allegations "state a claim of violation of clearly established law" and whether Sarabando's claims of immunity apply.   As such, the Court finds that this litigation would be streamlined by staying discovery as to Defendant Sarabando pending a determination on his immunity claims.

**IV. CONCLUSION**

For the reasons set forth above, Sarabando's motion to stay discovery is GRANTED with respect to him.   An appropriate Order follows.


Dated: May 2, 2014

s/   James B. Clark, III.
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**
