NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN NEWSOME, | Civil Action No.: 13-cv-06234 (CCC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| CITY OF NEWARK, et al., | |
| Defendants. | |

**CECCHI, District Judge.**

Before the Court is Defendant Paul Sarabando's motion to dismiss. (ECF No. 12). Sarabando argues that Plaintiff's complaint is insufficient to state a claim against him pursuant to Rule 12(b)(6). The Court decides the motion without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1] For the reasons set forth below, the Court will grant Sarabando's motion. Plaintiff shall be given thirty days to submit an amended complaint that cures, to the extent possible, the pleading deficiencies addressed herein.

## I. BACKGROUND

This case arises out of a mistaken identification, leading to Plaintiff's arrest and prosecution. (ECF No. 1). Due to what Plaintiff alleges was shoddy police work, an assault victim identified Plaintiff from a two person photo array as his assailant. (Compl. ¶¶ 26-33). As a result of this identification, Plaintiff was indicted on charges of conspiracy to commit

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

aggravated assault, unlawful possession of a weapon, possession of a weapon for an unlawful purpose, and criminal restraint. (Compl. ¶¶ 35, 45). However, after Plaintiff's lawyer and investigator spoke with the victim, he recanted this identification, and signed a statement that Plaintiff had not assaulted him. (Compl. ¶¶ 46-47).

Plaintiff requested that the charges against him be dismissed as a result of the mistaken identification. (Compl. ¶ 48). The Essex County Prosecutor's Office requested time to further investigate the circumstances surrounding the victim's recantation and assigned Sarabando to the task. (Compl. ¶¶ 49, 51).

Plaintiff's claims against Sarabando arise out of this investigation. Plaintiff claims that Sarabando disregarded the evidence indicating that Plaintiff was innocent, and instead focused his efforts on portraying the victim's recantation as coerced by Plaintiff and Plaintiff's attorney. (Compl. ¶¶ 52, 54). Plaintiff alleges that Sarabando sought to intimidate Plaintiff, the victim, and the Plaintiff's lawyer into withdrawing the recantation. (Compl. ¶¶ 52-54, 79, 81).

In particular, Plaintiff alleges that Sarabando urged the victim to recant the recantation by warning him that the change would probably result in "serious and undesirable consequences," including criminal charges. (Compl. ¶¶ 52-53, 79). Plaintiff further alleges that during this interview Sarabando realized that the victim was an unreliable witness, yet did not attempt to corroborate the victim's identification of Plaintiff. (Compl. ¶ 80). Plaintiff alleges that Sarabando further threatened Plaintiff's attorney with disqualification. (Compl. ¶¶ 52, 81). Plaintiff alleges that a senior prosecutor with the Essex County Prosecutor's Office had to step in and order further investigation. (Compl. ¶ 55). After this second investigation, the prosecutor's office determined that Plaintiff was innocent of the charges and that the victim's original identification of the Plaintiff had been mistaken. (Compl. ¶ 56-57). All charges were dismissed on or about

November 29, 2012. (Compl. ¶ 58).

Plaintiff claims that Sarabando committed malicious prosecution under 42 U.S.C. § 1983, the New Jersey Torts Claim Act, and the common law of New Jersey. (Compl. ¶¶ 76-82, 89-92). Sarabando presents four arguments for why the Court should dismiss all the counts against him. These are: (1) Eleventh Amendment immunity, (2) prosecutorial immunity, (3) qualified immunity, and (4) failure to state a claim.[2] Sarabando also argues that the § 1983 claims against him should be dismissed because he is not a "person" as defined by that statute.

## II.   LEGAL STANDARD

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations and quotations omitted). Accordingly, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such entitlement with its

---

[2] Because the Court finds that the counts against Sarabando are barred by state and federal prosecutorial immunity, it does not reach Sarabando's arguments regarding Eleventh Amendment immunity or failure to state a claim.

facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

### III. DISCUSSION

#### A. Sarabando Is Entitled To Prosecutorial Immunity Under Federal Law, Barring Plaintiff's § 1983 Claim

Sarabando argues that the claims against him should be dismissed because he is entitled to absolute prosecutorial immunity. (Mot. 12-17).[3] Plaintiff argues that under the facts and circumstances here, prosecutorial immunity is unwarranted. (Op. 8-12). Under federal law, prosecutors have absolute immunity from civil liability for their conduct in their role as prosecutors. Imbler v. Pachtman, 424 U.S. 409, 427-28 (1976). Prosecutorial immunity extends to employees of a prosecutor, including detectives, "when the employee's function is closely allied to the judicial process." Davis v. Grusemeyer, 996 F.2d 617, 631 (3d Cir. 1993) (citing Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975)); See also Moore v. Middlesex Cnty. Prosecutors Office, 503 Fed. App'x 108, 109 (3d Cir. 2012) ("the employee or agent of a prosecutor, is also granted absolute immunity from § 1983 suits where the function of the employee and the judicial process are closely allied").

The Supreme Court has held that prosecutorial immunity applies in § 1983 cases when the prosecutor's conduct is "intimately associated with the judicial phase of the criminal process" Imbler, 424 U.S. at 430. However, prosecutorial immunity does not apply where the prosecutor's actions serve a purely investigative function. See Burns v. Reed, 500 U.S. 478, 493 (1991) (holding that a prosecutor's advice to police in regards to interviewing a suspect during the investigative phase of a criminal case did not qualify for absolute immunity), Buckley v.

---

[3] Prosecutorial immunity is properly raised as a Rule 12(b)(6) motion. See Odd v. Malone, 538 F.3d 202, 207 (3d Cir. 2008).

Fitzsimmons, 509 U.S. 259, 275-76 (1993) (denying absolute immunity to a prosecutor who fabricated evidence prior to an arrest, indictment, or judicial proceeding).

Following these decisions, the application of prosecutorial immunity to § 1983 claims turns on whether the prosecutor's alleged misconduct served a prosecutorial, investigative or administrative function. See Buckley, 509 U.S. at 273-74. In this Circuit, this analysis focuses on the unique facts of each case and avoids bright-line rules that would focus on the timing (pre-indictment versus post-indictment) or location (in court versus out of court) of the alleged misconduct. Odd, 538 F.3d at 210.

In the absence of bright-line rules, this Court looks to Supreme Court and Third Circuit precedent for guidance. Interpreting Supreme Court precedent, the Third Circuit has noted certain guideposts for determining whether conduct serves a prosecutorial, investigative or administrative function. First, the Third Circuit has held that, although not dispositive, timing is a relevant consideration to the extent that it defines the function being performed. Id.; See Yarris v. Cnty. of Delaware, 465 F.3d 129, 138-39 (3d Cir. 2006) (granting prosecutorial immunity where the misconduct occurred after the decision to indict, but denying immunity where post-indictment timing could not be established); See also Kulwicki v. Dawson, 969 F.2d 1454, 1467 (3d Cir. 1992) (denying prosecutorial immunity where a fabricated confession was submitted to the prosecution after the decision to drop charges had already been made).

Second, courts have held that prosecutorial activities extend to "the preparation necessary to present a case" and the "obtaining, reviewing, and evaluation of evidence." Schrob v. Catterson, 948 F.2d 1402, 1414, 1417 (3d Cir. 1991) (citing Imbler, 424 U.S. at 431 n.33.). Absolute immunity has specifically been applied to witness interviews generating evidence for judicial proceedings. Rose v. Bartle, 871 F.2d 331, 344 (3d Cir. 1989) (finding that the

solicitation of false testimony for grand jury proceedings is "encompassed within 'the preparation necessary to present a case' and therefore immunized . . ."); See also Burns, 500 U.S. at 489-90 (noting that at common law prosecutors were absolutely immune "for eliciting false and defamatory testimony from witnesses").

Third, the Supreme Court has found that decisions regarding how to proceed with a prosecution serve a prosecutorial, rather than administrative function and thus warrant absolute immunity. The Supreme Court has held that prosecutors enjoy absolute immunity from civil damages for their conduct "in initiating a prosecution and presenting the state's case" Imbler, 424 U.S. at 431. This immunity encompasses decisions to continue a prosecution in light of conflicting evidence, specifically questionable witness testimony. See id. at 426 n.24.

Analogous to this case is Davis v. Grusemeyer, where the Third Circuit held that a detective aiding in the decision whether or not to move forward with the prosecution was protected by absolute immunity. 996 F.2d 617. In Davis, the indictee sued both the prosecutors and detective for their efforts to deny him access to PTI (a rehabilitation-focused alternative to prosecution for first time offenders), and their decision to instead continue with criminal prosecution. Id. at 627-29. The Court found that the decision to continue a criminal prosecution through trial "is at the heart of the prosecutorial decision-making process . . ." and should therefore be immune from civil liability. Id. at 629. Further, the Court held that a detective performing investigative work in connection with a criminal prosecution receives the same absolute immunity as would the prosecutor. Id. at 631-32.

Using these guideposts, the Court finds that Sarabando's alleged misconduct served a prosecutorial function and is thus protected by absolute prosecutorial immunity. First, in regards to timing, Sarabando's involvement in the prosecution of Plaintiff occurred exclusively after

Plaintiff's indictment and after judicial proceedings had already begun. (Compl. ¶¶ 45, 48). Sarabando was first brought onto this case following Plaintiff's request that the charges against him be dropped. (Compl. ¶ 51). And Sarabando's alleged misconduct took place nearly a year after Plaintiff's arrest and eight months after his indictment—well after the prosecutorial stage of the criminal proceeding had begun. (Compl. ¶¶ 34, 45, 78).

Further, Sarabando's assignment was related to the prosecution's preparation for judicial proceedings. Following the primary witness's recantation, the prosecution was potentially left without its most vital piece of evidence. In preparing to both respond to Plaintiff's request that charges be dropped and to plan the next stages of the prosecution, Sarabando was tasked with determining whether or not Plaintiff's request that the charges be dropped, based on the victim's recantation, had a valid basis. (Compl. ¶ 51). Courts have found more shocking conduct to serve a prosecutorial function even when perpetrated in preparation for grand jury hearings, as opposed to Sarabando's post-indictment preparation for proceedings at issue here. See Rose, 871 F.2d at 344 (finding immunity for soliciting false testimony before a grand jury).

Lastly, Sarabando's investigation aided in the prosecution's decision of whether to move forward with the case. The Essex County Prosecutor's Office assigned this task to Sarabando in part, to determine whether or not the prosecution of Plaintiff should continue. (Comp. ¶ 77). If Sarabando had found that the victim's original identification of Plaintiff had been mistaken, as the prosecutors later concluded, the prosecution would have likely dismissed the charges at this point. The Third Circuit has held that decisions on whether to continue a prosecution, and investigators' conduct involved in such a decision, serve a prosecutorial function. See Davis, 996 F.2d at 631-32.

Accordingly, the Court finds the timing and nature of Sarabando's alleged misconduct

indicative of a prosecutorial function and thus finds that absolute prosecutorial immunity is warranted in regards to Plaintiff's § 1983 claim.

**B.     Sarabando Is Entitled To Prosecutorial And Qualified Immunity Under New Jersey Law, Barring Plaintiff's State Law Malicious Prosecution Claim**

It is long established under New Jersey law that prosecutorial immunity is not absolute like its federal counterpart. Cashen v. Spann, 334 A.2d 8, 13 (N.J. 1975) ("Thus it is clear that New Jersey case law. . . reflects the philosophy that there are indeed circumstances in which a prosecutor will incur civil liability for his official conduct." A similar immunity was codified in the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. 59:3-8, in 1972. Van Engelen v. O'Leary, 732 A.2d 540, 546 n.3 (N.J. Super. Ct. App. Div. 1999).

The NJTCA's prosecutorial immunity provision states: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment." N.J.S.A. 59:3-8. However, the NJTCA limits this prosecutorial immunity: "Nothing in this act shall exonerate a public employee from liability if it is established that his conduct was outside the scope of his employment or constituted a crime, actual fraud, actual malice or willful misconduct." N.J.S.A. 59:3-14a; See also Stolinksi v. Pennypacker, No. 07-3174, 2008 WL 5136945, at *5-6 (D.N.J. Dec. 4, 2008) (denying prosecutorial immunity where Plaintiff's malicious prosecution claims were premised on malice or misconduct), Van Engelen, 732 A.2d at 546 (granting prosecutorial immunity where Plaintiff's claims could not support a rational conclusion that Defendants committed fraud, malice, or misconduct).

The NJTCA also provides a similar qualified immunity to all public officials: "A public employee is not liable if he acts in good faith in the execution or enforcement of any law,"

8

except in instances of false arrest or false imprisonment. N.J.S.A. 59:3-3. In analyzing this provision, New Jersey courts have adopted the objective good-faith standard announced by the Supreme Court in Harlow v. Fitzgerald. 457 U.S. 800, 817-18 (1982); See Hayes v. Mercer Cnty., 526 A.2d 737, 741 (N.J. Super. Ct. App. Div. 1987). The Harlow standard shields officials performing discretionary functions from bare allegations of malice when their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 817-18.

The Court finds that Sarabando is entitled to both prosecutorial and qualified immunity under New Jersey law. Accepting Plaintiff's well-pleaded factual allegations as true, this Court cannot find that Sarabando's conduct constituted any of the exceptions to prosecutorial immunity enumerated in N.J.S.A. 59:3-14a nor constituted bad faith in violation of N.J.S.A. 59:3-3.

Plaintiff points to the statements Sarabando made to the witness threatening him with prosecution as rising above this bar. (Op. 13; Compl. ¶¶ 52-53, 79-81). Further, Plaintiff alleges that Sarabando threatened Plaintiff's attorney with possible disqualification (Compl. ¶¶ 52, 81). However, even drawing all factual inferences for Plaintiff, the Court disagrees. It is rational for an investigator to be skeptical regarding the motives behind a witnesses' recantation, particularly where Plaintiff's agents secured the recantation. Van Engelen, 732 A.2d at 548 (quoting State v. Hogan, 676 A.2d 533, 544 (N.J. 1996)) ("Partly because recantations are often induced by duress or coercion . . . the sincerity of a recantation is to be viewed with 'extreme suspicion'"). Given this skepticism, it was also reasonable for Sarabando to warn the witness of the serious consequences that result from giving false testimony. In light of these circumstances, and considering the fact that Plaintiff was under an indictment, without allegation that Sarabando knew at the time of his investigation that the Plaintiff had not committed the crime, this Court

cannot find that Sarabando's conduct falls outside N.J.S.A. 59:3-8's safe harbor. See Drisco v. City of Elizabeth, No. 03-397, 2010 WL 1253890, at *12-13 (D.N.J. Mar. 23, 2010) (finding that officials who continued a prosecution after the recantation of eyewitness testimony did not violate any of the N.J.S.A. 59:3-14a exceptions to prosecutorial immunity).

For the same reasons, this Court cannot find that Sarabando acted in bad faith. Although Sarabando and the Essex County Prosecutor's Office were ultimately mistaken, as discussed above, at the time of the alleged misconduct Sarabando's actions during the investigation were reasonable under the facts alleged. See Hunter v. Bryant, 502 U.S. 224, 229 (1991) (citing Malley v. Briggs, 475 U.S. 335, 343 (1986)) ("The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law'").

Accordingly, the Court finds that Sarabando is entitled to both prosecutorial and qualified immunity under New Jersey law as it pertains to Plaintiff's state law claim for malicious prosecution.

## IV. CONCLUSION

For the foregoing reasons, it is on this 25 day of September, 2014:

ORDERED that Sarabando's motion to dismiss is GRANTED; and it is further

ORDERED that Plaintiff's claims against Sarabando are dismissed without prejudice; and it is further

ORDRED that Plaintiff shall have thirty (30) days to submit an amended complaint that remedies, to the extent possible, the pleading deficiencies addressed in this Opinion and Order.

**CLAIRE C. CECCHI, U.S.D.J.**